## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PARENTHIA HAYNES & MARY HAYNES**<br>    **Plaintiffs** | ) | **CASE NUMBER:** |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **DENNIS SCOTT CARRUTHERS**<br>    **Defendant** | ) | |
| | ) | **JANUARY 26, 2009** |

### I. INTRODUCTION

1.  The Plaintiffs bring this suit against Dennis Scott Carruthers ("Carruthers"), an attorney licensed to practice law in the state of California who engages in debt collection.  Plaintiffs allege that Carruthers violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* in the course of attempting to collect a debt.

### II. PARTIES

2.  Plaintiffs are natural persons residing in Hartford, Connecticut.

3.  Carruthers is an attorney licensed to practice law in the state of California with a principal place of business in Stanton, California, and is engaged in the business of collecting debts from residents of Connecticut. Carruthers uses instrumentalities of interstate commerce in the collection of debts and is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

### III. <u>JURISDICTION</u>

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

5. Venue in this Court is proper, as Plaintiffs are residents of Connecticut, Carruthers collects debts in Connecticut, and the violative conduct that is the subject of this litigation was conducted within this State.

### IV. <u>FACTS</u>

6. Plaintiff Mary Haynes is the mother of Plaintiff Parenthia Haynes, and they reside together at a home owned by Plaintiff Mary Haynes and located in Hartford, CT.

7. At one point in time, Plaintiff Parenthia Haynes owed a debt to Orchard Bank Household.

8. On or around July 6, 2009, Carruthers placed a telephone call to Plaintiffs' residence in an attempt to collect a debt.

9. Plaintiff Mary Haynes took that call and spoke with a Carruthers' representative who referred to himself as "Mr. Hubart."

10. Plaintiff Parenthia Haynes was at work and was not at home when Plaintiff Mary Haynes took that call.

11. During that conversation, Mr. Hubart said that he was calling from Carruthers' law office about a $6,000 debt with Orchard Bank.

12. Plaintiff Mary Haynes replied that she didn't think she owed $6,000 on any such account.

13. Mr. Hubart asked Plaintiff Mary Haynes whether her name was Mary Haynes.

2

14. She confirmed with Mr. Hubart that her name was Mary Haynes, but she said that she did not think she owed $6,000 on any account, at which point Mr. Hubart said he was "pulling up the account."

15. Mr. Hubart then asked Plaintiff Mary Haynes who Parenthia Haynes was, and she replied that Parenthia Haynes was her daughter.

16. Mr. Hubart then told Plaintiff Mary Haynes to send in $2,000, and Carruthers "would take care of the account."

17. Plaintiff Mary Haynes replied that she did not owe any money on any such account.

18. Mr. Hubart replied "but your name is Mary Haynes," and he proceeded to tell her that if she didn't meet his demand and send $2,000, then she would be sued.

19. Plaintiff said "okay" and hung up the phone.

20. Worried that she might be sued if she did not meet Mr. Hubart's demand, Plaintiff went to a local branch of her bank and obtained a bank check in the amount of $2,000, and she sent it that same day to Carruthers as its representative had demanded.

21. On or around July 7, 2009, Plaintiff Parenthia Haynes received a collection letter from Carruthers.

22. The letter was addressed to Plaintiff Parenthia Haynes only but it was mailed to Plaintiffs' residence.

23. The letter represented that Carruthers represented Regent Asset Management Solutions with respect to a debt originally associated with an Orchard Bank Household account.

3

24. The letter offered to settle the debt, and the letter stated that if Plaintiff Parenthia Haynes failed to accept a settlement offer as stated in the letter, then it would be necessary to sue Plaintiff Parenthia Haynes to enforce the contract underlying the debt, and court costs and attorney's fees would be added to the amount she owed.

25. On information and belief, Carruthers is a Consumer Collection Agency as defined by Conn. Gen. Stat. §36a-800.

26. On information and belief, Carruthers is not a member of the Connecticut Bar.

27. On information and belief, Carruthers does not own the debts it attempts to collect.

28. On information and belief, Carruthers is not licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act
### As to Mary Haynes only

29. Paragraphs 1-26 are herein incorporated.

30. Carruthers' attempt to collect a debt within Connecticut violates the Fair Debt Collection Practices Act. Specifically, and without limitation, Carruthers violated 15 U.S.C. § 1692e and 1692f by attempting to collect a debt without being properly licensed in Connecticut.

31. Carruthers violated 15 U.S.C. § 1692c(b) by contacting Mary Haynes and speaking with her about the debt in an impermissible manner.

4

32. Carruthers violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff Mary Haynes owed a debt she did not in fact owe.

33. Carruthers violated 15 U.S.C. § 1692e(5) by threatening to sue Plaintiff Mary Haynes when not authorized to do so.

34. Pursuant to 15 U.S.C. § 1692k, Carruthers is liable to Plaintiff Mary Haynes for her actual damages and additional damages as the court may allow, but not exceeding $1,000, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

## SECOND CAUSE OF ACTION
## Fair Debt Collection Practices Act
## As to Parenthia Haynes only

35. Paragraphs 1-26 are herein incorporated.

36. Carruthers' attempt to collect a debt within Connecticut violates the Fair Debt Collection Practices Act.  Specifically, and without limitation, Carruthers violated 15 U.S.C. § 1692e and 1692f by attempting to collect a debt without being properly licensed in Connecticut.

37. Carruthers also violated 15 U.S.C. § 1692c(b) by impermissibly contacting and speaking about the debt with a third-party.

38. Carruthers also violated 15 U.S.C. § 1692e(10) by sending Plaintiff Parenthia Haynes a collection letter which falsely, deceptively, and misleadingly misrepresented Plaintiff Parenthia Haynes' rights under 15 U.S.C. § 1692g(a).

39. Carruthers also violated 15 U.S.C. § 1692e(5) by threatening to sue Plaintiff Parenthia Haynes when not authorized to do so.

40.  Carruthers also violated 15 U.S.C. § 1692e(10) by sending Plaintiff Parenthia Haynes a letter that deceptively suggested that attorney's fees were not capped at 15% of the judgment that is entered, as mandated by C.G.S. § 42-150aa, but rather were only limited in amount by what would be deemed reasonable attorney's fees by the court.

41. Additionally, Carruthers violated 15 U.S.C. § 1692g by overshadowing and contradicting Plaintiff Parenthia Haynes' right to dispute and request verification of the alleged debt within thirty days of receipt.

42. Pursuant to 15 U.S.C. § 1692k, Carruthers is liable to Plaintiff Parenthia Haynes for her actual damages and additional damages as the court may allow, but not exceeding $1,000, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

### THIRD CAUSE OF ACTION
### Connecticut Unfair Trade Practices Act
### As to Plaintiff Mary Haynes only

43. Plaintiff Mary Haynes incorporates Paragraphs 1-18.

44. Carruthers violated CUTPA by his debt collection activities described above.

45. Carruthers' acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as such to cause substantial injury to consumers.

46. Plaintiff Mary Haynes has sustained an ascertainable loss in the amount of $2,000 as a result of Carruthers' acts.

47. Carruthers is liable to Plaintiff Mary Haynes for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, both Plaintiffs seek recovery of monetary damages; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; Plaintiff Mary Haynes seeks monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFFS, PARENTHIA HAYNES &
MARY HAYNES**

By: _____

Daniel S. Blinn, Fed Bar No.ct02188
Matthew W. Graeber. Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

8